Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SEBASTIAN CASTILLO,

*Plaintiffs*,

-against-

MENUCHA CLASSROOM SOLUTIONS LLC, MENUCHA PUBLISHERS INC., 13TH AVENUE SEFORIM INC., HIRSCH TRAUBE, GOLDA MINDEL TRAUBE AND MORDECHAI LEVINSON

*Defendants*.

-----------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:** 26-cv-6799

SEBASTIAN CASTILLO ("Plaintiff(s)") by and through their attorney, Colin Mulholland, Esq., as against MENUCHA CLASSROOM SOLUTIONS LLC, MENUCHA PUBLISHERS INC., 13TH AVENUE SEFORIM INC., HIRSCH TRAUBE, GOLDA MINDEL TRAUBE and MORDECHAI LEVINSON (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Menucha Publishers and New Eichlers bookstore that was owned and operated by Defendants MENUCHA CLASSROOM SOLUTIONS LLC, MENUCHA PUBLISHERS INC., 13th AVENUE SEFORIM INC., HIRSCH TRAUBE, GOLDA MINDEL TRAUBE and MORDECHAI LEVINSON.

2. Defendants own, operate, and/or controlled a Judaica publisher warehouse and bookstore located at 1221 38th Street Brooklyn, NY 11218 and 5004 13th Ave Brooklyn, NY 11219.

3. Plaintiff SEBASTIAN CASTILLO was employed by Defendants as a clerk, driver and general laborer.

4. At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5. Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6. Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**THE PARTIES**

9. Plaintiff SEBASTIAN CASTILLO is an adult individual residing KINGS. Plaintiff SEBASTIAN CASTILLO was employed by Defendants from approximately August 2023 until late December 2024.

10. Menucha Classroom Solutions LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1221 38th Street Brooklyn, NY 11218 and 5004 13th Ave Brooklyn, NY 11219.

11. Menucha Publishers Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1221 38th Street Brooklyn, NY 11218 and 5004 13th Ave Brooklyn, NY 11219.

12. 13th Avenue Seforim Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1221 38th Street Brooklyn, NY 11218 and 5004 13th Ave Brooklyn, NY 11219.

13. Each Menucha Classroom Solutions LLC, Menucha Publishers Inc. and 13th Avenue Seforim Inc. are a closely held corporation operated by Defendants Hirsch Traube, Golda Mindel Traube and Mordechai Levinson.

14. Defendant Hirsch Traube is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hirsch Traube is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

15. Defendant Hirsch Traube possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

16. Defendant Hirsch Traube implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

17. Defendant Hirsch Traube had the authority to hire and fire Plaintiff and all other employees.

18. Defendant Hirsch Traube directly and personally hired Plaintiff and discharged Plaintiff.

19. Defendant Hirsch Traube set Plaintiff's pay rate without a premium for his overtime hours.

20. Defendant Hirsch Traube was the exclusive person with whom Plaintiff complained about his pay and work related issues.

21. Defendant Hirsch Traube set and altered Plaintiff's schedules by setting his entry and exit times.

22. Defendant Hirsch Traube disciplined and admonished Plaintiff about his work performance such as by verbally admonishing him and controlling work assignments.

23. Defendant Hirsch Traube had the final word on all decisions at the Judaica publisher warehouse and bookstore including which executory contracts to enter into for the business, including but not limited to the lease.

24. Defendant Hirsch Traube physically issued pay to the Plaintiff.

25. Defendant Hirsch Traube supervised the operations of the Judaica publisher warehouse and bookstore including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performance at the business.

26. Defendant Hirsch Traube controlled the payroll records and pay practices of the Judaica publisher warehouse and bookstore.

27. Defendant Hirsch Traube controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

28. Defendant Hirsch Traube was the person who controlled payroll funds for employees including Plaintiff.

29. Defendant Golda Mindel Traube is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

30. Defendant Golda Mindel Traube possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

31. Defendant Golda Mindel Traube implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

32. Defendant Golda Mindel Traube had the authority to hire and fire Plaintiff and all other employees.

33. Defendant Golda Mindel Traube was a person with whom Plaintiff complained about his pay and work related issues.

34. Defendant Golda Mindel Traube set and altered Plaintiff's schedules by setting his entry and exit times.

35. Defendant Golda Mindel Traube disciplined and admonished Plaintiff about his work performance such as by verbally admonishing him and controlling work assignments.

36. Defendant Golda Mindel Traube had substantial word on all decisions at the Judaica publisher warehouse and bookstore

37. Defendant Golda Mindel Traube issued pay to the Plaintiff.

38. Defendant Golda Mindel Traube supervised the operations of the Judaica publisher warehouse and bookstore including the conditions of Plaintiff's employment on a regular basis and reviewed Plaintiff's work performed at the business.

39. Defendant Golda Mindel Traube controlled the payroll records and pay practices of the Judaica publisher warehouse and bookstore.

40. Defendant Golda Mindel Traube controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

41. Defendant Golda Mindel Traube was the person who controlled payroll funds for employees including Plaintiff.

42. Defendant Mordechai Levinson is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mordechai Levinson is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

43. Defendant Mordechai Levinson possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

44. Defendant Mordechai Levinson implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously

created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

45. Defendant Mordechai Levinson had the authority to hire and fire Plaintiff and all other employees.

46. Defendant Mordechai Levinson set Plaintiff's pay rate without a premium for his overtime hours.

47. Defendant Mordechai Levinson set and altered Plaintiff's schedules by setting his entry and exit times specifically.

48. Defendant Mordechai Levinson issued pay to the Plaintiff.

49. Defendant Mordechai Levinson controlled the payroll records and pay practices of the Judaica publisher warehouse and bookstore.

50. Defendant Mordechai Levinson controlled the revenue that came into the business.

51. Defendant Mordechai Levinson was the person who controlled payroll funds for employees including Plaintiff.

52. Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

## FACTUAL ALLEGATIONS

53. Defendants are associated and joint employers, act in the interest of each other.

54. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

55. Defendants are experienced Judaica publisher warehouse and bookstore operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

56. Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

57. Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

58. Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

59. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

60. In the years 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

61. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Menucha Publishers and New Eichlers, such as book, packing materials, vans and cleaning supplies, were produced outside the State of New York.

62. Plaintiff(s) were individually engaged in interstate commerce

*Plaintiff SEBASTIAN CASTILLO*

63. Plaintiff SEBASTIAN CASTILLO was employed by Defendants from approximately August 2023 until late December 2024.

64. Throughout his employment with defendants, Plaintiff SEBASTIAN CASTILLO was employed at 1221 38th Street Brooklyn, NY 11218 and 5004 13th Ave Brooklyn, NY 11219 as a clerk, driver and general laborer.

65. Plaintiff SEBASTIAN CASTILLO regularly handled goods in interstate commerce, such as books and other supplies produced outside the state of New York.

66. Plaintiff SEBASTIAN CASTILLO's work duties required neither discretion nor independent judgment.

67. Plaintiff SEBASTIAN CASTILLO regularly worked in excess of 40 hours per week.

68. From approximately August 2023 through May 2024, Plaintiff SEBASTIAN CASTILLO typically worked the following typical schedule for an average of 55 hours per week:

a. Mondays: From between 9:00 A.M. until between 6:00 P.M and 10:00 P.M.
b. Tuesday: From between 9:00 A.M. until between 6:00 P.M and 10:00 P.M.
c. Wednesday: From between 9:00 A.M. until between 6:00 P.M and 10:00 P.M.
d. Thursday: From between 9:00 A.M. until between 6:00 P.M and 10:00 P.M.
e. Friday: From between 9:00 A.M. until between 1:00 P.M and 7:00 P.M..
f. Saturday: Typical Day Off
g. Sunday: From between 9:00 A.M. until between 6:00 P.M. and 10:00 P.M. (Occasionally worked on Sundays)

69. From approximately May 2024 through late December 2025, Plaintiff SEBASTIAN CASTILLO typically worked the following typical schedule for an average of 62 hours per week:

a. Mondays: From between 12:00 P.M. until between 10:00 P.M and 12:00 A.M.
b. Tuesday: From between 12:00 P.M. until between 10:00 P.M and 12:00 A.M
c. Wednesday: From between 12:00 P.M. until between 10:00 P.M and 12:00 A.M

d. Thursday: From between 12:00 P.M. until between 10:00 P.M and 12:00 A.M

e. Friday: From between 12:00 P.M. until between 4:00 P.M (until 2:00 P.M in the winter)

f. Saturday: Typical Day Off however there were a few occasions when Defendants had Plaintiff work from 7:00 A.M. until 11:00 A.M.

g. Sunday: From between 12:00 P.M. until 10:00 P.M.

70. Defendants paid Plaintiff SEBASTIAN CASTILLO the following hourly rates without an overtime premium for hours worked over 40:

a. 2023: $17.00

b. 2024: $18.00

c. 2025: $19.50

71. Defendants paid Plaintiff for most hours worked however did not pay Plaintiff for many compensable hours during the week.

72. No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

73. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

74. Defendants never provided Plaintiff SEBASTIAN CASTILLO, any notice in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75. Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor his precise hours worked and pay received thus forcing them to rely on their recollection alone and causing him to suffer the prolonged underpayment of wages by the

Defendants.

76. Defendants frequently deducted traffic tickets from Plaintiff's pay for work related tickets which diminished his weekly wages below the minimum wage.

77. Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document their income and employment history.

78. Defendants paid Plaintiff in a mixture of cash and check in order to hide their wage violations.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

79. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff(s) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

83. Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to

hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff(s) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

90. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

91. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

92. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93. Plaintiff(s) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

94. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

97. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff(s) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

99. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

100. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101. Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

102. Plaintiff(s) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

103. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

106. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

107. With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108. Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of her

damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff(s);

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
October 22, 2026

By: *<u>/s/ Colin Mulholland</u>*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff(s)*